# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| SHAWN ANDREWS and CONSTANT ANDREWS, : : : | |
| Plaintiffs, : : | Civil Action No. |
| v. : : | 7:11-cv-147 (HL) |
| RAM MEDICAL, INC.; MEDILINE INDUSTRIES, INC.; C.R. BARD, INC., and DAVOL, INC. : : : : | |
| Defendants. : | |

## ORDER

Plaintiffs in this case filed their complaint on October 26, 2011, alleging eleven independent claims against Defendants. Plaintiffs claim that their action for damages stems from "Defendants' manufacture, marketing, distribution, and sale of polypropylene surgical mesh" which was "false, misleading, inaccurate, deceptive and represents unconscionable commercial practice." (Doc. 1, p. 3.) The asserted basis for the Court's subject matter jurisdiction is diversity jurisdiction in accordance with 28 U.S.C. § 1332.

Consistent with this Court's responsibility to examine the subject matter jurisdiction of the cases that come before it, the Court has reviewed the complaint to determine whether the diversity jurisdictional requirements in this case have been satisfied. See Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). Having concluded that the requirements for diversity

jurisdiction have not been satisfied, the Court orders Plaintiffs to come forward with evidence demonstrating that the amount in controversy requirement is met.

I. **Federal Diversity Jurisdiction**

Federal courts are courts of limited jurisdiction. Morrison, 228 F.3d at 1260-61. Article III of the United States Constitution sets the outer boundaries of judicial jurisdiction, and Congress is vested with the discretion to determine the scope of subject matter jurisdiction within that broad constitutional grant. Id. at 1261. Congress can "give, withhold, or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution." Univ. of South Alabama v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (citations omitted).

Congress has created two primary methods for pleading original federal subject matter jurisdiction. The first method requires the existence of a federal question at the heart of the claim. 28 U.S.C. § 1331. The second method is based on diversity of citizenship. 28 U.S.C. § 1332. A diversity action is appropriate "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332 (a)(1). Thus, a diversity action has two distinct requirements: (1) an amount greater than $75,000, and (2) complete diversity of citizenship.

a. **Amount in Controversy Requirement**

The amount in controversy must be stated with particularity and in good faith, and dismissal is justified if it appears to a "legal certainty" that the claim is for less than $75,000. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S. Ct. 586, 590 (1938). However, "where jurisdiction is based on a claim for indeterminate damages, the 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003).

Specific evidence of the amount in controversy is considered along with any "reasonable deductions, reasonable inferences, or other reasonable extrapolations" to determine whether the requirements for federal subject matter jurisdiction are met. Id. at 754. To clear the jurisdictional hurdle, these deductions and inferences must plainly demonstrate that the damages sought are "sufficiently measureable and certain to satisfy the … amount in controversy requirement." Morrison, 228 F.3d at 1268-69 (citing Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc., 120 F.3d 216, 221 (11th Cir. 1997)). In those cases where the complaint alleges indeterminate damages, the court may rely on its judicial experience and common sense to determine if

the claims satisfy the amount in controversy requirement. Roe v. Michelin N. Am., Inc., 613 F.3d 1064 (11th Cir. 2010).

In this case, Plaintiffs' complaint only includes a mere conclusory statement about the amount in controversy. The complaint simply states that "the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs." (Doc. 1, p. 3.) Plaintiffs also assert eleven times that they are entitled to "actual and consequential damages" and assert eight times that they are entitled to "punitive damages." (Doc. 1, p. 8, 10-13, 15, 17-19, 21.) However, these cursory claims, without any evidence to support them, are insufficient to demonstrate that the amount in controversy requirement is satisfied.

Additionally, there is not enough information in the complaint to allow the Court to gather any inferences about the amount of damages suffered by Plaintiffs. While Plaintiff asserts that he "experienced a multitude of health risks associated with the surgery, including but not limited to, poor wound healing, persistent post-operative pain, continuous tenderness in abdomen, and drainage from surgical incision site" (Doc. 1, p. 5), this is not enough information to convince the Court that the amount in controversy is satisfied. To estimate the amount of damages would be to speculate.

Accordingly, Plaintiffs are ordered to file with this Court, no later than November 17, 2011, a brief with exhibits sufficient to show by a preponderance

of the evidence that their claims exceed $75,000. This brief must persuade the Court that there is sufficient evidence to meet the amount in controversy requirement. Defendants will then have until December 8, 2011 to respond. If Plaintiffs wish to file a reply, they must seek the Court's permission to do so. The Court's Rules 16/26 Order will not issue until the court determines it has subject matter jurisdiction over the case.

II. **Conclusion**

Without a properly alleged amount in controversy, a complaint is "fatally defective, as far as diversity jurisdiction is concerned." Road v. Anderson Trucking Service Inc., No. 7:07-cv-185, 2007 WL 4097321, at *2 (M.D. Ga. 2007) (citations omitted). Plaintiffs have one more chance to properly establish the amount in controversy in this case. If they fail to meet their burden of establishing subject matter jurisdiction, the case will be dismissed.

**SO ORDERED**, this the 31st day of October, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

ebr