IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **SHAWN ANDREWS and CONSTANT ANDREWS,**<br><br>Plaintiffs,<br><br>v.<br><br>**RAM MEDICAL, INC., MEDLINE INDUSTRIES, INC., C.R. BARD, INC., and DAVOL, INC.,**<br><br>Defendants. | Civil Action No. 7:11-CV-147 (HL) |

**ORDER**

Before the Court is Defendant Medline Industries, Inc.'s ("Medline") Motion for Judgment on the Pleadings. For the reasons stated more fully below, the Motion is granted.

I.  **BACKGROUND**

This case arises out of the alleged sale and surgical implantation of counterfeit surgical mesh. Plaintiffs Shawn Andrews and Constant Andrews allege that between 2008 and 2009, Defendant RAM Medical, Inc. ("RAM Medical"), a distributor of medical products, acquired surgical mesh that was believed to be authentic Bard mesh, but was actually a counterfeit product manufactured in India. Plaintiffs allege that RAM Medical distributed this product to Medline, another distributor of medical products. Medline then provided the mesh to South Georgia Surgical Clinic, a medical facility in Tifton, Georgia. Mrs.

Andrews, who was a patient at the Clinic, underwent a hernia repair in October 2009. Plaintiffs contend that during this procedure, the counterfeit product was implanted in Mrs. Andrews' abdomen and, as a result, she has suffered numerous complications and health problems.

Plaintiffs have alleged eleven causes of action against Defendants in the Complaint. Against Defendants RAM Medical and Medline, Plaintiffs assert claims for negligence, failure to warn, and post-sale failure to warn. Plaintiffs assert claims against Medline alone for breach of express warranty and breach of implied warranty. Against Defendants C.R. Bard, Inc. ("C.R. Bard") and Davol, Inc. ("Davol"),[1] Plaintiffs assert claims for negligence, failure to warn, post-sale failure to warn, strict liability, and strict liability failure to warn. Plaintiffs have also asserted a claim against all four Defendants for loss of consortium as to Mr. Andrews.

Defendant Medline filed this Motion for Judgment on the Pleadings in regards to the two breach of warranty claims that Plaintiffs have filed against it.

II. **STANDARD**

"Judgment on the pleadings under Rule 12(c) is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Horsely v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002) (citation omitted). "If upon reviewing

---

[1] Defendants C.R. Bard, Inc. and Davol, Inc. are both manufacturers of medical products, including surgical mesh. Davol is a subsidiary of C.R. Bard.

2

the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint." Id. (citation omitted).

### III. DISCUSSION

As a threshold issue, the Court must address the question of the appropriate law to apply in this case. Medline argues that the law of Georgia should apply, while Plaintiffs argue that the choice of law cannot be determined at this early juncture in the case. In a diversity case, a federal court must apply the choice of law rules of the state in which it sits. *See* Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S. Ct. 1020, 1021 (1941). Thus, the Court in this case will apply Georgia choice of law rules.

Georgia choice of law rules are unclear as to whether a claim for breach of warranty should be treated under tort or contract. Carrier v. Jordaan, 746 F. Supp. 2d 1341, 1349 n. 3 (S.D. Ga. 2010). The determination is important because under Georgia law "tort actions are adjudicated according to the law of the place where the wrong occurred, and contract actions are regulated by the law of the state where the contract was made when matters of execution, interpretation, or validity are at issue, and by the law of the state where it is to be performed when the issue is one concerning performance." Id. at 1349 (citing Wallace v. Harrison, 166 Ga. App. 461, 304 S.E.2d 487, 489 (1983)).

Without any clear precedent on the issue, there is no consistent approach to determining how warranty claims should be interpreted. *See* Whitaker v.

3

Harvell-Kilgore Corp., 424 F.2d 549, 550-51 (5th Cir. 1970).[2] There is some authority that supports applying a tort theory to warranty claims involving a physical injury. Morgan v. Mar-Bel, Inc., 614 F. Supp. 438, 442 (D.C. Ga. 1985) (recognizing the contractual nature of a warranty claim, but determining that "a breach of warranty involving an injury is analogous to a tort action"). Even in the absence of a physical injury, there are some courts that have applied a tort theory to breach of warranty actions. *See* Goody's Family Clothing, Inc. v. Central Sprinkler Co., 2004 WL 5520708 at *4 (N.D. Ga. 2004) (applying tort theory to Georgia choice of law rules for a breach of warranty claim when fire sprinkler heads malfunctioned); Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc., 713 F.2d 618, 620 (C.A. Ga. 1983) (interpreting a breach of warranty claim under the tort theory for purposes of determining the choice of law in Georgia in a case where tarpaulins were defective). However, there are also cases in which Georgia courts apply a contract theory to a breach of warranty to determine the choice of law. *See* Carrier, 746 F. Supp. 2d at 1349 (applying a contract theory to a breach of warranty claim because of the existence of a contract of sale).

With no bright line rule, the Court must make this determination based on the facts of the case. In this case, Plaintiffs' claims are based on injuries sustained as a result of the use of defective surgical mesh in a hernia repair. This

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to September 30, 1981.

injury sounds in tort, and thus, a tort theory will apply to determine the applicable choice of law rules.

In Georgia, the choice of law rule for tort claims is generally lex loci delicti, or "place of injury." Dowis v. Mud Slingers, Inc., 279 Ga. 808, 808, 621 S.E.2d 413, 414 (Ga. 2005). According to this doctrine, the substantive law to be applied is that of the place where the wrong occurred. Bailey v. Cottrell, Inc., 313 Ga. App. 371, 371, 721 S.E.2d 571, 573 (Ga. App. 2011). In this case, Ms. Andrews underwent surgery at the South Georgia Surgical Clinic in Tifton, Georgia. Thus, the place where her injury occurred was in Georgia, and according to lex loci delicti, the law of Georgia shall apply in this case.

Under Georgia law, to recover for a breach of warranty, a plaintiff must show privity between himself and the defendant. In re Mentor Corp. ObTape Transobturator Sling Products Liability Litigation, 711 F. Supp. 2d 1348, 1366 (M.D. Ga. 2010); *see also* Bodymasters Sports Indus., Inc. v. Wimberley, 501 S.E.2d 556, 561 (Ga. Ct. App. 1998). "[I]f a defendant is not the seller to the plaintiff-purchaser, the plaintiff as the ultimate purchaser cannot recover on the implied or express warranty, if any, arising out of the prior sale by the defendant to the original purchaser, such as the distributor or retailer from whom plaintiff purchased the product." Lamb v. Georgia-Pacific Corp., 194 Ga. App. 848, 850, 392 S.E.2d 307, 309 (Ga. App. 1990). In Gowen v. Cady, 189 Ga. App. 473, 376 S.E.2d 390 (Ga. App. 1988), the Georgia Court of Appeals held that no privity existed between a patient at a hospital and the manufacturer of medical devices

5

used to treat the plaintiff. In that case, the lack of privity was fatal to the plaintiff's claims for breach of express and implied warranties. Id. at 476, 376 S.E.2d at 393.

In this case, like in Gowen, Plaintiffs cannot establish privity with Medline because the surgical mesh was not sold directly to Plaintiffs. Therefore, any claims for breach of express or implied warranty must fail under Georgia law.

### IV. CONCLUSION

Based on the tortious nature of the facts alleged by Plaintiffs, Georgia law applies in this case based on principle of lex loci deliciti. Plaintiffs are unable to demonstrate privity with Medline, and according to Georgia law, this lack of privity is fatal to Plaintiff's claims for breach of express and implied warranties. Therefore, Counts IV and V of the Complaint are dismissed.

**SO ORDERED**, this 19th day of April, 2012.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr